IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVACO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:08-cv-0581-M |
| | § | |
| DUNKIN' BRANDS, INC., TIKU SHROFF, | § | |
| RAJ SIDHU, K.K. SIDHU, RAJ PATEL, | § | |
| KAMRAN KURANI, NILKANTH PATEL, | § | |
| KADIRALI CHUNARA, VIPUL PATEL, | § | |
| HARRY PATEL, and RAM JAVIA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Tiku Shroff, Raj Sidhu, K.K. Sidhu, Raj Patel, Kamran Kurani, Nilkanth Patel, Kadirali Chunara, Vipul Patel, Harry Patel, and Ram Javia's Motion to Dismiss [Docket Entry #4]. For the reasons stated below, the Motion is **GRANTED**.

*Background*

This suit arises out of a dispute over construction contracts relating to improvements on Dunkin' Donuts stores. Plaintiff DAVACO, Inc. ("DAVACO") was hired by Dunkin' Brands to perform construction services on Dunkin' Donuts stores nationwide. In connection with this arrangement, DAVACO entered into contracts to improve several franchise locations in Georgia and Maryland. DAVACO alleges that during the performance of these contracts, several franchise owners ("Franchisees") requested that DAVACO perform additional work not contemplated in the written contract, and DAVACO performed that work as requested. DAVACO alleges that after the additional work was completed, the Franchisees refused to pay. DAVACO filed claims for breach of contract, negligent misrepresentation, fraud, and unjust enrichment in the 298th District Court of Dallas County, Texas. The case was removed to this

Court on April 4, 2008, and now the Franchisees move to dismiss based on a lack of personal jurisdiction.

*Legal Standard*

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and the exercise of such jurisdiction by the forum state is consistent with due process.[1] The Texas long arm statute reaches to the limits of due process; therefore, this Court need only determine whether the exercise of personal jurisdiction over the Defendants is consistent with due process.[2] The due process clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed itself of the benefits and protections of the forum state, by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."[3] The nonresident's contacts must be sufficient for the nonresident to have reasonably expected to be haled into court in the forum state.[4]

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction."[5] When determining whether the plaintiff has made a *prima facie* case, the court may consider any affidavits, interrogatories,

---

[1] *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999); *Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (citing *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex. 1990)).
[2] *Guardian Royal Exch. Assur., Ltd. v. English China Clays P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).
[3] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001).
[4] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 289 (1980).
[5] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted).

deposition testimony, or any other recognized discovery method.[6] The court is not, however, required to consider conclusory allegations.[7]

There are two categories of personal jurisdiction, general and specific. General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic," allowing the court to exercise jurisdiction over that defendant for causes of action unrelated to the defendant's connections to the state.[8] For specific jurisdiction to exist, the defendant's contacts must be purposefully directed at the forum and the plaintiff's claim must arise out of or be related to those contacts.[9] "A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted, [but] entering into a contract with an out-of-state party, without more, is not sufficient to establish minimum contacts."[10]

If a plaintiff can establish minimum contacts, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would be unfair.[11] During the fairness prong of the inquiry, the court determines whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice."[12]

*Analysis*

Insofar as Plaintiff relies on a contract theory to establish minimum contacts, Plaintiff has not met its burden to present a *prima facie* case that jurisdiction exists. Even after considerable jurisdictional discovery, Plaintiff can point to little that suggests the Franchisees purposefully availed themselves of Texas law during their dealings with DAVACO. Plaintiff's Complaint

---

[6] *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).
[7] *Panda Brandywine*, 253 F.3d at 869.
[8] *Mink v. AAAA Development LLC,* 190 F.3d 333, 336 (5th Cir. 1999); s*ee also Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n.9 (1984). Plaintiff does not argue that the Franchisees are subject to general jurisdiction, and thus the Court confines its analysis to specific jurisdiction.
[9] *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985).
[10] *Latshaw*, 167 F.3d at 211.
[11] *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).
[12] *Latshaw,* 167 F.3d at 211 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310 (1945)).

3

alleges that "DAVACO . . . performed construction services directly for several franchisees of Dunkin' Corporate, and entered into separate contracts for those services with the franchisees," and that "DAVACO was recently hired to perform construction services for several Dunkin' Donuts stores in Georgia and Maryland. DAVACO entered into contracts with the Dunkin' Franchisees whereby the franchisees agreed to pay for work performed."[13] The evidence shows that at least some of the contracts were signed by Franchisees in their stores in Maryland and Georgia, and that the work itself was performed in its entirety in Maryland and Georgia. There is no evidence that any Franchisee signed a contract in Texas. With regard to the scope of the interaction between the Franchisees and Texas, the best evidence Plaintiff can muster is contained in the Affidavits of two of its employees, Chris Wilson and Paul Brown, who state that they had numerous telephone conversations with several franchisees while Wilson and Brown were physically in Texas. The Affidavits do not state which Franchisees had those conversations. Even if the Affidavits were specific about which Franchisees had conversations with DAVACO employees located in Texas, the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."[14] It is the actions of a defendant that are scrutinized under the minimum contacts inquiry. The Franchisees had no control over (and there is no indication that they had knowledge of), the physical location of the affiants when the telephone conversations took place. Plaintiff has failed to show that the Franchisees took action sufficient to constitute minimum contacts on a contract theory.

Insofar as Plaintiff purports to rely on a tort theory to establish jurisdiction, Plaintiff's pleadings are insufficient to support such a claim. First, Plaintiff makes no allegation of any specific misrepresentation relied upon by Plaintiff, which is necessary to sustain a fraud cause of

---

[13] Plaintiff's Original Complaint, p.4.
[14] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

action in federal court.[15]  Second, what Plaintiff is contending is not in fact a fraud claim.  In its

Response to the Motion to Dismiss, Plaintiff argues:

> "The Franchisee Defendants made several communications to DAVACO employees, based in Texas, directing additional work that would be accomplished.  The Franchisee Defendants would request that additional work be completed on their site, acknowledging that the work was outside the scope of the contract or was otherwise additional to the agreed-upon bid, or that a written change order was not required.  The Franchisee Defendants would request that additional work be completed on their site.  DAVACO would subsequently perform that work.  The Franchisee Defendants, after making these false statements, would then refuse to pay DAVACO . . . ."[16]

Plaintiff has submitted no evidence that the Franchisees knew that the statements made to

DAVACO were not true at the time they made those statements, or that the Franchisees were

negligent in making them.  The breaking of a promise is necessarily present in every breach of

contract action, and does not automatically transform a breach of contract into a tort.  Plaintiff

has failed to make a *prima facie* showing of either fraud or negligent misrepresentation.

The Court also rejects Plaintiff's argument that the choice of law provision in the

franchise agreements can support jurisdiction.  In support of its contention that a choice of law

provision is "highly probative" in a minimum contacts inquiry, Plaintiff cites the Eighth Circuit

case of *Bell Paper Box, Inc. v. Trans Western Polymers, Inc.*[17]  However, in quoting a passage

from that case in support of its position, Plaintiff misleadingly fails to mention that the quote it

relies on is from the dissenting opinion, and that the majority held that a choice of law provision

is *not* sufficient for a minimum contacts analysis.[18]  Likewise, Plaintiff's reliance on

*Hydrokinetics, Inc. v. Alaska Mechanical, Inc.* is misplaced.[19]  The *Hydrokinetics* court affirmed

the dismissal of a contract claim in which the defendant had much more substantial contact with

---

[15] FED. R. CIV. P. 9 (b).
[16] Plaintiff's Response Brief at 7.
[17] 53 F.3d 920 (8th Cir. 1995).
[18] *Id.* at 923.  Plaintiff invites the Court to see the case "generally."
[19] 700 F.2d 1026 (5th Cir. 1983).

5

the forum than in this case.[20] The *Hydrokinetics* court found that there were no minimum contacts despite the fact that the defendant purchased goods manufactured in the forum state, remitted payment to the forum state, and even twice traveled to the forum state to inspect the plaintiff's facilities and resolve a dispute.[21] Dicta in that case suggests that a choice of law provision helped the court conclude that minimum contacts did **not** exist, and that precedent provides only very weak support for Plaintiff's contention that the choice of law provision here supports finding minimum contacts **do** exist. Plaintiff cites no good authority for the proposition that the evidence before the Court, taken as true, is sufficient to constitute minimum contacts in Texas.

Even if Plaintiff could have established minimum contacts, it would offend traditional notions of fair play and substantial justice to subject the Franchisees to jurisdiction in Texas. Taking Plaintiff's allegations as true, the Franchisees signed contracts for work in their Maryland or Georgia stores. They discussed portions of these contracts while agents of the other party were in Texas, and sent emails to a Texas company about these contracts. Nothing other than the address line in the DAVACO letterhead and a choice of law provision in the contract's fine print connect the transaction to Texas in any way. It would be patently unfair to force the Franchisees to defend in a suit halfway across the country when Plaintiff's claims have only the most tangential connection to Texas, and the Franchisees' contacts here are virtually nonexistent.

For the reasons stated above, Plaintiff's claims are **DISMISSED** due to a lack of personal jurisdiction over the Franchisee Defendants.

**SO ORDERED**.

November 21, 2008.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[20] *Id*. at 1029-30.
[21] *Id*.

6